UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN MORAN-GOMEZ,

                          Petitioner,

          v.

WARDEN, NORTHWEST ICE
PROCESSING CENTER,

                          Respondent.

CASE NO. 2:26-cv-02261-LK

ORDER DENYING EMERGENCY
MOTIONS; EXTENDING
DEADLINES TO REPLY AND FOR
NOTICE

This matter comes before the Court on Petitioner Juan Moran-Gomez's Emergency Motion for Temporary Restraining Order and Preliminary Injunction, Dkt. No. 3, Emergency Motion for Stay of Removal, Dkt. No. 4, and Emergency Motion to Designate Heather Hunt Moran as Legal Mail Recipient, Legal Assistant, and Point of Contact, Dkt. No. 5.

After Moran-Gomez filed his motion, the Clerk issued a Scheduling Order that directs Respondent to show cause why the petition for a writ of habeas corpus should not be granted, sets forth a briefing schedule, and requires Respondent to provide Moran-Gomez notice prior to any action to move or transfer him from the Western District of Washington or to remove him from

ORDER DENYING EMERGENCY MOTIONS; EXTENDING DEADLINES TO REPLY AND FOR NOTICE - 1

the United States. Dkt. No. 6. In light of that scheduling order—and the modifications the Court makes to that order below due to Moran-Gomez's non-efiling status—the Court finds moot Moran-Gomez's requests not to transfer or remove him during the pendency of his habeas petition. Dkt. No. 3 at 4; Dkt. No. 4 at 4. Also, in light of the scheduling order, the Court denies Moran-Gomez's request for "an expedited briefing schedule," Dkt. No. 3 at 4, because the scheduling order already requires a prompt response, Dkt. No. 6 at 2.

In addition, because the requested relief of staying removal and prohibiting transfer from this district, Dkt. No. 3 at 4; Dkt. No. 4 at 4, is the same relief ultimately sought by his habeas petition, Dkt. No. 1 at 7, "the Court concludes that it falls outside the limited purpose of a TRO and should instead be decided either after a preliminary injunction hearing or through regular adjudication of the habeas petition itself." *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2165995, at *7 (W.D. Wash. July 30, 2025); *see also Tang v. Bondi*, No. 2:25-CV-01473-RAJ-TLF, 2025 WL 2979938, at *2 (W.D. Wash. Sept. 3, 2025).

Moran-Gomez also requests that the Court order Respondent to preserve evidence. Dkt. No. 3 at 3–4. "Parties to litigation have a duty to preserve evidence that kicks in once a party has 'some notice' that evidence will be 'potentially relevant to the litigation.'" *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, 2023 WL 6866273, at *2 (9th Cir. Oct. 18, 2023) (quoting *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015)). "This obligation, backed by the court's power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D. Cal. Sept. 13, 2010). However, when appropriate, a Court "may enter an order for the preservation of evidence on the motion of a party." *Jardin v. Datallegro, Inc.*, No. 08-CV-1462-IEG-RBB, 2008 WL 4104473, at *1 (S.D. Cal. Sept. 3, 2008). "Before additional measures to preserve evidence are implemented, there must be

ORDER DENYING EMERGENCY MOTIONS; EXTENDING DEADLINES TO REPLY AND FOR NOTICE - 2

some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." *Young*, 2010 WL 3564847, at 1. Here, there is no evidence that Respondent is failing to preserve evidence. Because Moran-Gomez failed to "demonstrate why extraordinary preservation requirements are necessary to prevent the destruction of relevant evidence in the instant case," a preservation order would be inappropriate. *Young*, 2010 WL 3564847, at 1.

Finally, Moran-Gomez asks the Court to designate his wife Heather Hunt Moran as his "legal mail recipient, legal assistant, and primary point of contact for purposes of this litigation[.]" Dkt. No. 5 at 1. He states that "[b]ecause of the limitations inherent in immigration detention, [he] faces significant obstacles in receiving, organizing, reviewing, and responding to legal correspondence and court filings" *Id.* He seeks an order recognizing Moran as his "designated legal mail recipient and legal point of contact," "[a]uthorizing detention personnel to permit legal correspondence, legal documents, court filings, exhibits, and litigation-related materials to be transmitted" between the two, directing Respondent "not to interfere" with "legal communications" between the two, and authorizing Moran "to receive copies of Court filings." *Id.* at 3. As an initial matter, Moran-Gomez is pursuing various matters in numerous forums, including "[f]amily-related matters involving his minor children," *id.*, and the Court has no authority to dictate communication protocols for matters not before this Court. And Moran-Gomez does not state that the detention center has "interfere[d]" with mail sent to or from his wife. *Id.*

Moreover, Moran-Gomez's requests to have Moran receive his legal mail, exchange "legal correspondence" and filings with him, and assist him with preparing his filings, seem designed to permit her to act as his de facto attorney. However, there is no indication that Moran is an attorney, and the Court cannot authorize her to engage in the unlicensed practice of law. Courts have an interest in "protect[ing] the public from the activity of those who, because of lack of professional

skills, may cause injury whether they are members of the bar or persons never qualified for or admitted to the bar." *Bennion, Van Camp, Hagen & Ruhl v. Kassler Escrow, Inc.*, 635 P.2d 730, 733 (Wash. 1981) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 586 P.2d 870, 878 (Wash. 1978))." Accordingly, courts generally strike documents "filed by individuals engaged in the unauthorized practice of law, and may also refer such individuals to appropriate governing bodies." *Seco v. Homestead Apartments*, No. 2:24-cv-01118-LK, 2024 WL 3566592, at *1 (W.D. Wash. July 29, 2024) (collecting cases). Accordingly, the Court cannot authorize Moran to engage in the unauthorized practice of law on Moran-Gomez's behalf or to file documents for him. Nor can the Court permit her to accept service of documents for Moran-Gomez when Respondent is obligated to serve *him* with copies of filings. *See* Fed. R. Civ. P. 5(a) (requiring documents to be "served on every party"); Fed. R. Civ. P. 5(b).[1] Finally, Moran-Gomez must sign his own filings. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."); LCR 11(a).

Accordingly, the Court DENIES the emergency motions. Dkt. Nos. 3, 4, 5.

The parties are required to comply with the requirements and deadlines in the Scheduling Order, Dkt. No. 6, with the following modifications. Because Moran-Gomez is unrepresented and filing and receiving materials by mail, the Court ORDERS as follows to allow him sufficient time to file his reply and receive notice:

1. The reply deadline of July 20, 2026 is extended to August 3, 2026. The Government shall note its response for August 3, 2026. However, if a reply is filed earlier than August 3, 2026, the Court will consider the habeas petition ripe for review at that time.

---

[1] In addition, it would be inefficient in this time-sensitive matter for the Court and Respondent to send documents to Moran, only to have her send them to Moran-Gomez as "legal correspondence" as he requests. Dkt. No. 5 at 3.

ORDER DENYING EMERGENCY MOTIONS; EXTENDING DEADLINES TO REPLY AND FOR NOTICE - 4

2. The government shall provide Moran-Gomez at least seven days (168 hours) notice prior to any action to move or transfer him from the Western District of Washington or to remove him from the United States.

Dated this 30th day of June, 2026.

Lauren King
United States District Judge